Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT
for the
Southern District of Georgia

_____Augusta_____ Division

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2022 SEP -8 A 9:33
CLERK_____
SO. DIST. OF GA.

Mellissa Womack

*Plaintiff(s)*
(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

NACA (Neighborhood Assitance Corporation of America)

*Defendant(s)*
(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

Case No. _____
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☐ Yes ☐ No

CV122- 104

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I.  The Parties to This Complaint

**A.  The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Mellissa Womack |
| Street Address | 2223 Norman St |
| City and County | Augusta and Richmond County |
| State and Zip Code | Georgia and 30904 |
| Telephone Number | 901-826-2926 |
| E-mail Address | missylwomack@gmail.com |

**B.  The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1

| | |
|---|---|
| Name | NACA |
| Job or Title (if known) | |
| Street Address | 225 Centre Street |
| City and County | Boston and Suffolk |
| State and Zip Code | Massachusettes and 02119 |
| Telephone Number | (617) 250-6222 |
| E-mail Address (if known) | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title (if known) | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address (if known) | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title (if known) | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address (if known) | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title (if known) | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address (if known) | |

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

C. **Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | NACA |
| Street Address | 225 Centre Street |
| City and County | Boston and Suffolk |
| State and Zip Code | Massachusettes and 02119 |
| Telephone Number | (617) 250-6222 |

II. **Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☑ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other federal law *(specify the federal law)*:
Real Estate Settlement Procedures Act of 1974

☐ Relevant state law *(specify, if known)*:
MGL Chapter 149, 52C

☐ Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes (check all that apply):

- [ ] Failure to hire me.
- [ ] Termination of my employment.
- [ ] Failure to promote me.
- [x] Failure to accommodate my disability.
- [x] Unequal terms and conditions of my employment.
- [x] Retaliation.
- [ ] Other acts (specify): _____

(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)
2021

C. I believe that defendant(s) (check one):

- [ ] is/are still committing these acts against me.
- [x] is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my (check all that apply and explain):

- [ ] race
- [ ] color
- [ ] gender/sex
- [ ] religion
- [ ] national origin
- [ ] age (year of birth) _____ (only when asserting a claim of age discrimination.)
- [x] disability or perceived disability (specify disability)
  Multiple Chemical Sensitivity and related illnesses

E. The facts of my case are as follows. Attach additional pages if needed.

ADA discrimination with job transfer, removal and denial of loan application, access to employee records and retaliation for complaining about illegal practices.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*
12/7/21

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☐ issued a Notice of Right to Sue letter, which I received on *(date)* 06/05/2022 .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.

☑ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

I do not work for the company so I do not know if there are wrongs still going on. Acutal damages would be lost wages, loan costs and emotional distress.
Lost wages due to not being transferred to the new location for the job and working from home on a permanent basis. If I would have been transferred to permanent work from home then there would have been no issues with the loan going through or having a job at the new location.
Loan costs due to having to put a down payment, difference in interest rates and closing costs, etc that would have been included in the loan process with NACA. NACA denied loan not for credit, but commuting distance.
Emotional distress working for the company and being unemployed. I left the company over the emotional distress of working for them.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 08/02/2022

Signature of Plaintiff: *Mellissa Womack*
Printed Name of Plaintiff: Mellissa Womack

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

EEOC Form 5 (11/09)

| AMENDED CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 490-2021-02365 |
| | | and EEOC |

_State or local Agency, if any_

| Name (indicate Mr., Ms., Mrs.) | Home Phone | Year of Birth |
|---|---|---|
| **MELLISSA WOMACK** | **(901) 826-2926** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **2223 NORMAN ST, AUGUSTA, GA 30904** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (_If more than two, list under PARTICULARS below._)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| **NACA** | **Unknown** | **(617) 250-6222** |

| Street Address | City, State and ZIP Code |
|---|---|
| **225 CENTRE STREET, SUITE 100, BOSTON, MA 02119** | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (_Check appropriate box(es)._)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (_Specify_)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 04-19-2021   Latest: 10-21-2021

☐ CONTINUING ACTION

THE PARTICULARS ARE (_If additional paper is needed, attach extra sheet(s)_):

On April 19, 2021, I hired as Housing Counsel. On May 28, 2021, I was approved for work at home due to my disability. On September 11, 2021, I was approved for permanent work at home. On September 15, 2021, my home loan was denied, and I had a verbal argument with my supervisor. Following this my supervisor began treating me differently. On September 22, 2021, I placed a complaint with the Consumer Financial Protection Bureau regarding my home loan. Following my complaint, the HR Department lost my work at home paperwork. On September 29, 2021, I filed a complaint of disability discrimination with HR. On October 7, 2021, I was placed on a performance plan. On October 21, 2021, I was constructively discharged

I was not told why I was being treated differently. I was told I never had an accommodation for my disability. I was told I was placed on a performance plan as my numbers were low.

I believe my accommodation was removed, I was placed on a performance plan, and

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – _When necessary for State and Local Agency Requirements_ |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Mellissa Womack on 12-07-2021 05:10 PM EST** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (_month, day, year_) |

EEOC Form 5 (11/09)

| AMENDED CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>**490-2021-02365**<br>and EEOC |
|---|---|---|

*State or local Agency, if any*

**constructively discharged in retaliation for my complaints regarding my disability, in violation of The Americans With Disabilities Act of 1990, as amended.**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Mellissa Womack on 12-07-2021 05:10 PM EST** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an

investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Little Rock Area Office**

820 Louisiana St., Suite 200
Little Rock, AR 72201
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
FAX (501) 324-5991
Website: www.eeoc.gov

Mellissa Womack
2223 Norman Street
Augusta, GA 30904

Re:   Mellissa Womack vs. NACA
      EEOC Charge No.: 490-2021-02365

Dear Ms. Womack:

**This letter is to inform you the Commission is terminating the processing of your charge and gives notice of your right to file suit within 90 days. No further action will be taken by this office regarding your charge of discrimination. This determination concludes the processing of the charge by the EEOC, but does not affect your right to sue on your own behalf. You may pursue the matter by filing in Federal District Court as explained in the Dismissal and Notice of Rights. You will receive an e-mail notification when the Dismissal and Notice of Rights has been uploaded into the Portal and available for you to download.**

On February 22, 2022 a copy of the Respondent's position statement was released to you through the EEOC public portal. On March 8, 2022 a copy was sent to you by email. You provided a response to the position statement and additional information. Additional information was also obtained from respondent as part of the investigation. All evidence collected during the investigation was thoroughly reviewed. The investigation revealed the following facts:

You alleged that you were denied a reasonable accommodation, placed on a performance improvement plan (PIP), and were constructively discharged due to your disability, and in retaliation for complaining of disability discrimination, in violation of Americans with Disabilities Act of 1990, as amended.

According to the information gathered in the investigation, you did not complain of employment discrimination based on your disability. Your complaints pertained to the denial of a home loan by respondent. You began the home loan process prior to being employed with respondent. You were denied when respondent learned that you intended to purchase a home out of state rather than in the Memphis area, as you had led respondent to believe you were doing for months. The loan program requires the buyer to owner-occupy the residence in the approved area, and in order to purchase in a different area the buyer must establish and document income stability in the new area prior to qualification. The denial of the loan by respondent was not a condition of your employment or an employment action, and therefore is outside of the jurisdiction of the EEOC.

You alleged that your complaints about the denial of the loan were protected activities under the ADA as you complained that you did not get the loan due to your disability. The evidence does not indicate that your complaints were protected activities under the ADA and therefore any alleged retaliation you experienced after the loan denial is not retaliation covered by the ADA.

You alleged that you were denied a reasonable accommodation due to your disability. The evidence indicates that you were granted the accommodation of working from home from the beginning of your employment.

You alleged that you were placed on a PIP due to your disability. In general, being placed on a PIP does not rise to the level of a tangible employment action under the ADA, as it based on job performance and not disciplinary action.

Finally, you alleged that due to intolerable working conditions based on disability discrimination, you had no other choice but to resign your position. The evidence indicates that you voluntarily resigned your position. Respondent had provided you with reasonable accommodation of working from home.

You provided a response to the position statement including multiple items of additional information. I reviewed the additional information you submitted, and it is not sufficient evidence to show that you were subjected to discrimination based on disability or covered retaliation. Based upon the evidence gathered, EEOC is unable to conclude that there was a violation under the laws enforced by EEOC.

Sincerely,

*[signature]*                                          May 5, 2022

Matilda Louvring                                       _____
Investigator                                           Date



Mellissa Womack
2203 Norman St
Augusta GA 30904

Southern District of Georgia
600 James Brown Blvd
Augusta, GA 30901