IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MELLISSA WOMACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 122-104 |
| NACA (Neighborhood Assistance | ) | |
| Corporation of America), | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

According to Local Rule 4.1, the commencement of a civil action requires compliance with four specific criteria, including the presentation of the original complaint and the appropriate filing fee, or the original complaint and a petition to proceed *in forma pauperis* ("IFP"). On August 8, 2022, the Clerk of Court filed a complaint submitted by Plaintiff accusing Defendant of violations of the Americans with Disabilities Act, Real Estate Settlement Procedures Act, and Mass. Gen. Laws ch. 149, § 52C  (Doc. no. 1-2.) Although Plaintiff also submitted an IFP motion, it was not signed, in violation of Local Rule 11.1 and Federal Rule of Civil Procedure 11.  (Doc. no. 2.)  Local Rule 11.1 and Federal Rule of Civil Procedure 11 require every pleading, motion, or other paper presented for filing be signed an attorney of record, or by a party personally if the party is proceeding *pro se*.  Upon opening the case, the Clerk sent a deficiency notice concerning the need for Plaintiff's signature on the IFP motion, and the notice explained failure to correct the deficiency could result in dismissal. (See doc. no. 4.)  Plaintiff failed to respond to the Clerk's deficiency notice.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply

with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c).

    Plaintiff failed to comply with the requirements of the Local Rules and the Federal Rules of Civil Procedure by submitting an unsigned motion to proceed IFP with her complaint, and when given the opportunity to submit the appropriate paperwork, she failed to respond to the Clerk's deficiency notice.  Plaintiff's failure to comply with the requirements of the Local Rules, as well as the Federal Rules of Civil Procedure, and her failure to respond to the Clerk's deficiency notice amounts not only to a failure to prosecute, but also an abandonment of her case.  Accordingly, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

    SO REPORTED and RECOMMENDED this 26th day of August, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA