IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| MELLISSA WOMACK, | * | |
| Plaintiff, | * | |
| v. | * | CV 122-104 |
| NEIGHBORHOOD ASSISTANCE CORPORATION OF AMERICA, | * | |
| Defendant. | * | |

**O R D E R**

Presently pending before the Court is Plaintiff's disability accommodation request motion. (Doc. 9.) Plaintiff filed the current motion on January 3, 2023, asking the Court for electronic documents, a list of dates documents are due, and a list of actual forms to fill out. (Id. at 1.) She goes on to state that the Court discriminated against a person with a disability by not providing the accommodations requested so she could exercise her rights to the court system. (Id.) Plaintiff also represents that she "never got any responses to get disability accommodations." (Id.) Beyond her disability requests, Plaintiff also states she is struggling to get a clear answer on how her case got closed. (Id.) The Court addresses Plaintiff's concerns below.

Preliminarily, the Court notes that Plaintiff has been granted disability accommodations, and the Court is permitting

Plaintiff to submit and receive filings electronically. Typically, parties proceeding *pro se* are not provided electronic access to their case; however, the Court has allowed Plaintiff to email motions to the Court's accommodations coordinator email address, just as the currently pending motion was submitted. The motion, as shown on the docket, contains a chain of emails with the Court's accommodations coordinator that lays out the accommodations the Court has provided to Plaintiff over the last several months. (See id. at 2-15.)

Nevertheless, Plaintiff continues to be in communication with the Court and continues to state that her accommodations have not been granted. The Court finds this to be inaccurate because electronic accommodations have been provided to Plaintiff. Plaintiff now requests a list of dates she has documents due as well as forms to fill out. (Id. at 1.) The Court therefore turns to the status of Plaintiff's closed case.

On August 8, 2022, Plaintiff, proceeding *pro se*, filed a complaint for employment discrimination against NACA (Neighborhood Assistance Corporation of America). (Doc. 1.) Along with her complaint, Plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP"), or without prepaying fees or costs. (Doc. 2.) Plaintiff failed to sign her motion to proceed IFP; therefore, the Clerk's office issued a notice of filing deficiency with a copy of the motion and told her to return the copy of the motion with her signature within fourteen days. (Doc. 4.) Plaintiff failed to

2

reply to the notice and did not submit a signed motion to the Court. Therefore, on August 26, 2022, the Magistrate Judge issued a Report and Recommendation ("R&R"), recommending the case be dismissed without prejudice and the civil action be closed because Plaintiff failed to pay the required filing fee and failed to submit a signed motion to proceed IFP. (Doc. 5.) The Magistrate Judge simultaneously issued an Order instructing Plaintiff that objections to the R&R were to be filed no later than September 12, 2022, and that failure to object by that deadline may result in the R&R becoming the opinion of the Court. (Doc. 6.) Plaintiff did not file objections to the R&R, and on September 16, 2022, the Court adopted the Magistrate Judge's R&R and dismissed the case without prejudice. (Doc. 7.)  Therefore, Plaintiff's case is closed and there are no pending deadlines with which she needs to comply.

As the accommodations coordinator has previously explained to Plaintiff via email, the Court's website contains information for people seeking to file a case without the assistance of an attorney.  If Plaintiff desires to file a new case, the Court encourages her to utilize the Court's website for instructions and forms.  Neither the Court, the Clerk's office staff, nor the accommodations coordinator are allowed to provide Plaintiff with any legal advice; however, the website provides instructions and forms that may assist her in filing a case. The instructions and forms can be found at: gasd.uscourts.gov/filing-without-attorney

3

and this website also contains a link titled "Pro Se Forms" that holds forms necessary to file a new case. If Plaintiff decides to file a new complaint, the Court will continue to allow her to send filings electronically, in adobe pdf format, to the accommodations coordinator email box for filing on the docket. It is Plaintiff's responsibility, and not the responsibility of the Court, to comply with deadlines set in any case she files by staying informed and up to date with the status of the case docket.

Based on the foregoing, Plaintiff's motion is **DENIED AS MOOT** because her disability accommodations have already been granted by providing her with electronic filing and delivery of filings, and Plaintiff's additional requests are moot at this time because her previously pending case has been closed since September 16, 2022. If Plaintiff seeks to file a new case, she shall utilize the information provided in this Order and in the email chain with the accommodations coordinator to do so.

**ORDER ENTERED** at Augusta, Georgia, this 3rd day of February, 2023.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA